**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF NEW YORK
ROCHESTER, NEW YORK 14614-1363

**CHARLES J. SIRAGUSA**  585-613-4050
**DISTRICT COURT JUDGE**  FAX-613-4055

July 28, 2005

Richard Resnick, A.U.S.A.
United States Attorney's Office
100 State Street, Room 620
Rochester, NY 14614

Michael Wolford, Esq.
Wolford & LeClair
16 E. Main Street, Suite 600
Rochester, NY 14625

Bruce R. Bryan, Esq.
333 East Onondaga Street
Syracuse, NY 13202

    RE:   *United States v. Allan Peters*
           00-CR-6155

Dear Counsel:

    The above-captioned case has remanded to this Court for sentencing proceedings consistent with *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir., February 3, 2005).

    In that regard, the Circuit in *Crosby* advised as follows:

> ... in most cases in which a sentencing judge, prior to Booker/Fanfan, has committed a procedural error in imposing a sentence, a remand to afford the judge an opportunity to determine whether the original sentence would have been nontrivially different under the post-Booker/Fanfan regime will normally be necessary to determine whether the error is harmless, or, if not properly preserved, is available for review under plain error analysis. We conclude that such a remand is warranted in this case. The Government's legitimate interests will be fully protected by the opportunity to appeal in the event that the District Court elects to resentence and imposes a sentence properly challengeable on appeal.

> Because a remand is warranted, we have no occasion on this appeal to consider whether Crosby's sentence is unreasonable solely because of its length and therefore express no views on the considerations that might inform an appellate decision as to the reasonableness of the length of a sentence.
>
> Accordingly, without requiring alteration of Crosby's sentence, we will remand the case to the District Court so that Chief Judge Scullin may consider, based on the circumstances at the time of the original sentence, whether to resentence, after considering the currently applicable statutory requirements as explicated in Booker/Fanfan and this opinion. In making that threshold determination, the District Court should obtain the views of counsel, at least in writing, but "need not" require the presence of the Defendant, see Fed.R.Crim.P. 43(b)(3). Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, resentence in conformity with the SRA, Booker/Fanfan, and this opinion, including an appropriate explanation, see § 3553(c).

*U.S. v. Crosby* 397 F.3d at 119 -120.

Accordingly, pursuant to *Crosby*, counsel are to submit their "views" in writing by **September 2, 2005**, and a court appearance, at which the defendant's presence is not required, is scheduled for **September 7, 2005 at 3:15 p.m.**

So Ordered.

Very truly yours,

/s/ Charles J. Siragusa
Charles J. Siragusa
United States District Judge

CJS/kap